## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY, KANSAS

|  |  |  |
|---|---|---|
| KENNETH J. MARTIN, | ) ) ) | Case No.:   12-CV-02214 |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| GROUP 1 REALTY, INC, GROUP 1 AUTOMOTIVE, INC., BARON AUTOMOTIVE GROUP, INC., BARON DEVELOPMENT COMPANY, LLC., and GPI KS-SB, INC d/b/a Baron BMW., | ) ) ) ) ) ) | |
| *Defendants* | ) | |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
## AND MEMORANDUM IN SUPPORT

Plaintiff, Kenneth Martin, pursuant to D. Kan. Rule 26.2(a), (b)(1)(A) and Fed.R.Civ.P 26(c) and 45(c)(3)(4), respectfully moves this Court to issue a protective order barring defendants' subpoenas from being served upon Martin's current and former employers or, in the alternative quashing defendants' subpoenas.  In support of his motion Martin states as follows:

1.      **Nature of the matter before the Court.**

Martin has filed a five count complaint against defendants, seeking redress under Kansas common law for whistle-blower retaliation and/or wrongful discharge in violation of public policy and sex discrimination, disability discrimination and/or retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. §§12101, *et seq*. ("ADA"), resulting in his wrongful termination.

The parties arranged to meet and confer about their positions with respect to the proposed subpoenas on February 9, 2013 via teleconference.[1]  Defendants, intend to serve five subpoenas on Martin's current and former employers[2], seeking among other things:

> any and all information, files, notes, electronic mail, documents, reports, and records within your care, custody and control concerning Kenneth Martin, including without limitation: 1) application for employment; 2) interview notes or papers; 3) background investigation reports; 4) hiring papers; 5) employment agreement(s); 6) job/performance evaluations; 7) signed acknowledgement forms relating to company policies and procedures; 8) training documents; 9) discipline and discharge information; 10) attendance information; 11) job duties/description; 12) payroll, wage, bonus, compensation information; 13) benefits; 14) any documents relating to any work-related Injury sustained by Martin while employed with your Company; 15) any documents relating to allegations or complaints by or against Martin of any nature, including any investigation of any such allegations or complaints and any notes, statements, reports, or correspondence of any sort; and 16) All charges or complaints made or filed by or against Martin with any agency or court, including all investigation files and responses or position statements, and/or pleadings related to those charges or complaints.

The information requested is overly broad and clearly violates Martin's constitutional right to privacy in that it asks for anything and everything regarding Martin's employment, before and after working for defendants.  Moreover, defendants have no reasonable basis to believe Martin failed to mitigate his damages or that he filed a claim of discrimination against anyone other than defendants.  Defendants' proposed subpoenas, specifically to Superior Buick Cadillac, Martin's current employer, are oppressive, retaliatory and unnecessarily jeopardize his current job.

Martin's employment prior to working for defendants has no bearing on whether he was subjected to discrimination and/or wrongfully terminated for complaining of warranty fraud.

---

[1]      *See* Martin's Certification that the parties have met and conferred pursuant to Fed.R.Civ.P. 26(c)(1), attached as Exhibit A.

[2]      *See* Defendants' proposed subpoenas to Martin's current and former employers, attached as Exhibit B.

The only possible relevant information would be records of compensation paid to him since being terminated by defendants - information which he has already produced. Thus, aside from these compensation records, all other information sought is merely a fishing expedition for improper character evidence or an attempt to harass him.

2.    **Statement of facts**

This is a discrimination and wrongful termination case in which Martin alleges he was subjected to gender and/or disability discrimination while employed with defendants, and was ultimately terminated after making reports of alleged warranty fraud perpetrated by his superior.

3.    **Statement of the question presented**

Whether Defendants' subpoenas violate Martin's privacy rights which have not been waived by the pleadings and therefore are not reasonably calculated to lead to the discovery of admissible evidence.

4.    **Argument**

4.1.    *The subpoenas seek protected, confidential information and invade the privacy and personal rights of Martin and are not reasonably calculated to lead to the discovery of admissible evidence.*

Any information from Martin's current or former employers is wholly irrelevant. The fact that Martin has asserted his rights does not mean that he has waived his constitutional right to privacy. Defendants' subpoenas are not limited in any form or fashion. Rather, they seek on their face anything and everything regarding Martin. The Court is empowered to prevent this exact sort of over-reaching inquisition:

> "The fact the one can imagine these subpoenas leading to the discovery of admissible evidence is not alone sufficient to justify their enforcement. Under Rule 26(b)(2) of the Federal Rules of Civil Procedure, the court has the power and duty to look more closely at the discovery requests. Rule 26(b)(2) was amended in 1993 to enable court to "keep tighter rein on the extent of discovery." Advisory Committee Notes, 1993 Amendments to Rule 26. The committee

explained: The information explosion of recent decades has greatly increased both the potential cost of wide-ranging discovery and the potential for discovery to be used as an instrument for delay or oppression.

\*\*\*

The revision in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery.[3]

Additionally, personnel files and records are confidential in nature and, in most circumstances, should be protected from wide dissemination.[4]  Indeed, this Court, in *Hunsaker v. Proctor & Gamble Mfg. Co.*, previously issued a protective order against a nearly identically phrased proposed subpoena because the subpoena was "unreasonably broad" and the information sought "had no relevancy" to the Plaintiff's age and disability discrimination lawsuit.[5] Moreover, the *Hunsaker* court found that among the "hodgepodge of information" requested, the only relevant information sought is that of payroll records.[6]  Finally, after issuing a protective order, the *Hunsaker* court ordered Plaintiff to provide all relevant payroll records because the "parties need not burden Plaintiff's current employer, if Plaintiff can provide the requested payroll information" in part because "the risk of the subpoena being used as a tool to harass Plaintiff in his current job, along with the risk of harming his relationship with his employer outweighs any need for Defendant to obtain further confirmation."[7]

Here, like in *Hunsaker*, the only potentially relevant and discoverable information are "payroll records," as such information admittedly bears on Martin's alleged damages due to his wrongful termination by the Defendants.  Martin has provided, and will continue to supplement as necessary, the records reflecting his current earnings.

---

[3]     *Perry v. Best Lock Corp.*, Case No. IP 98-C-0936-H/G, 1999 WL 33494858 at \*2 (S.D. Ind. Jan 21, 1999).
[4]     *Williams v. Board of County Comm'rs*, No. Civ. C 98-2485-JTM, 2000 WL 133433, at \*1 (D.Kan. Jan, 21 2000).
[5]     *Husaker v. Proctor & Gamble Mfg. Co.*, No. 09.2666-KHV (D. Kan. Dec. 29, 2010).
[6]     *Id.*
[7]     *Id.*

Defendants' contended in the February 9, 2013, meet and confer discussion that other records sought from Martin's former employers, such as his application for employment, may be potentially relevant as they could bear on his credibility.  Such speculative relevance does not justify the broad sweep of Defendants' proposed subpoena and the detrimental impact that seeking such records could have on Martin's current job.  Martin was gainfully employed within four months of being wrongfully terminated.  The proposed subpoena unnecessarily puts Martin's current employment at risk based on only the most speculative thread of relevancy, where there is hardly an argument that he did not mitigate his damages.

The Court should also issue a protective order because the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Indeed, the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses."[8]  In order to be discoverable, however, the information sought must appear to be "reasonably calculated to lead to the discovery of admissible evidence."[9]

Martin's performance, evaluations, disciplinary actions and grievance records, at a prior or subsequent employer is improper character evidence not reasonably calculated to lead to the discovery of admissible evidence.  In quashing a subpoena on this very issue, one federal court noted:

> Moreover, and as Plaintiff points out, *her prior performance at her previous jobs is not reasonably calculated to lead to admissible evidence* because Fed. R. Evid. 404 would exclude such evidence.  *See Neuren v. Adduci, Mastiani, Meeks & Schill*, 43 F.3d 1507, 1511 (D.C.Cir 1995) (holding that district court erred in admitting evidence of Plaintiff's performance at a previous law firm because such evidence of a person's

---

[8] Fed. R.Civ.P. 26(b)(1).

[9] *Id.*

character was not admissible to prove Plaintiff acted in conformance therewith, under Fed.R. Evid. 404).[10]

In *Zubulake v. UBS Warburg*, a Title VII case, the defendants argued that evidence of the plaintiffs alleged poor work performance as a prior employer was admissible at trial. The district court disagreed, holding that such evidence was inadmissible under Fed. R. Evid. 404(a).[11] Further, as noted by the district court, Fed. R. Evid. 404(b) provides that evidence of prior action cannot be introduced to prove the character of a person in order to show they acted in conformity.[12] Martin's suit against defendants does not allow them free-reign to dig into his employment history.

Therefore, Martin respectfully requests the Court issue a protective order barring Defendants' proposed subpoenas from being served, because he can provide defendants with the only relevant information sought, without the need to burden his current employer and risk jeopardizing Plaintiff's current employment relationship.

### 4.1.1. *Defendants' subpoena to Superior Buick Cadillac is oppressive and retaliatory.*

Defendants have no reasonable basis to believe that Martin failed to mitigate his damages. Martin was gainfully employed within four months of his wrongful termination. Moreover, defendants have no basis to believe that he made any charge or claim of discrimination against Superior.

Regardless, defendants' subpoena is calculated to serve notice on Martin's current employer that he is suing his previous one. As noted, Martin will continue to produce documents showing his pay and benefits from his current employer. The information sought by defendants, however, is not relevant or reasonably calculated to lead to discovery of admissible evidence. Instead, it is

---

[10]    *Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020 at *4 (M.D. Fla. June 6, 2006)(emphasis supplied).
[11]    *Zubulake v. UBS Warburg*, 382 F Supp.2d 536, 540-43 (S.D.N.Y. 2005).
[12]    *Id.*

an attempt to subject him to harassment or retaliation, and to ultimately get him fired from his current employment.  For these reasons the Court should issue a protective order.[13]

4.2.    *Defendants have not plead the "After-Acquired Evidence" defense nor is it applicable to this claim.*

In *McKennon v. Nashville Banner Pub. Co.*, the Supreme Court considered whether an employee's wrongdoing, discovered after the termination of employment, which would have been sufficient to justify the decision, but which was not known to the employer at the time of the decision and so could not have motivated the decision, foreclosed a claim of age discrimination.[14]  The Supreme Court held that such evidence was not relevant to the employer's liability for age discrimination, but would be relevant in determining what remedy was appropriate.[15]  If the evidence would have led to the employee's discharge at some later date, that would affect the measure of wages as damages and the appropriateness of reinstatement as equitable relief.[16]

At the same time, the Court cautioned against abusive discovery, and urged trial courts to deter abuses.[17]  Thus, several courts have relied on *McKennon* in holding that an after-acquired evidence argument cannot be used to pursue discovery in the absence of some basis for believing that not-yet-acquired evidence of wrong-doing will be revealed.

---

[13]    *See Perry*, 1999 WL 33494858 at *2 ("If filing what is, by all appearances to the court, a fairly routine case alleging individual employment discrimination opens up the prospect of discovery directed at all previous, current, and prospective employers, there is a serious risk that such discovery can become "an instrument for delay or oppression.");*Graham v. Casey's General Stores*, 206 F.R.D. 251, 256 (S.D.Ind. 2002) (quashing subpoena to plaintiff's current employer and noting plaintiff "has a legitimate concern that a subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job" and that defendant had the burden "to present independent evidence that provides a reasonable basis" that plaintiff had brought complaints against her current employer).
[14]    *McKennon v. Nashville Banner Pub. Co.* 513 U.S. 352, 352-54 (1995).
[15]    *Id.* at 358-60.
[16]    *Id.* at 358-61.
[17]    *Id.*

In *Premer v. Corestaff Services, L.P.*, the court stated that although "the after-acquired evidence doctrine provides employers a mechanism to limit an employee's remedies based on evidence found during discovery, *it should not be used as an independent basis to initiate discovery*."[18]   The court noted that "district courts have limited employers' fishing-expedition style discovery" based on *McKennon*'s concern about employers undertaking extensive discovery into an employee's performance and background to limit liability.[19]

In *Maxwell v. Health Center of Lake City, Inc.*, the court likewise ruled that the after-acquired evidence doctrine "should not be used to independently initiate discovery."[20] Rather, a defendant "must have some pre-existing basis to believe that after-acquired evidence exists before it can take additional discovery."[21]

More recently, in *EEOC v. Jack Marshall Foods, Inc.*, on appeal, the district court upheld a magistrate judge's order quashing subpoenas duces tecum seeking to obtain employment records from the intervening plaintiffs' former employers. The defendant argued that the records might contain after-acquired evidence, which could limit the plaintiff's damages. The magistrate judge ruled that a defendant cannot seek discovery to assist in establishing an after-acquired evidence defense "in the absence of some basis for believing that after-acquired evidence of wrongdoing will be revealed."[22]

---

[18]     *Premer v. Corestaff Services, L.P.*, 232 F.R.D. 692, 693 (M.D.Fla.2005). (emphasis supplied)
[19]     *Id. (citing Perry v. Best Lock Corp.*, No. IP 98-C-0936-H/G, 1999 WL 33494858, at *2 (S.D.Ind. Jan.21, 1999) ("The [*McKennon*] Court's comment about potential abuse clearly implies that discovery is not warranted for the sole purpose of developing a possible after-acquired evidence defense.")).
[20]     *Maxwell*, 2006 WL 1627020, at *5.
[21]     *Id.*
[22]     *EEOC v. Jack Marshall Foods, Inc.*, No. 09-0160-WS-M, 2010 WL 55635, at *2 (N.D.Ala. Jan.4, 2010) *see also Sanders*, 2009 WL 1392602, at *2 ("Courts generally agree that the after-acquired evidence defense 'cannot be used to pursue discovery in the absence of some basis for believing that after-acquired evidence of wrong-doing will be revealed.' ") (quoting *Chamberlain*, 2007 WL 2786421, at *2).

Case 2:12-cv-02214-EFM   Document 39   Filed 02/10/13   Page 9 of 11


Discovery of Martin's prior employment records for the purpose of seeking to find some evidence of wrongful conduct is merely a fishing expedition. "District courts need not condone the use of discovery to engage in 'fishing expedition [s].'"[23]

4.3.    *There are other, less-intrusive, means to obtain the relevant information sought.*

Certainly, there are less-intrusive and less-costly means for defendants to get the information sought in the subpoena, from Martin for instance.[24] Indeed, defendants are required to demonstrate that the subpoenas are the only reasonable means available to obtain the relevant information and must identify specific unsuccessful measures they have taken.[25]

Martin has, and will continue to produce all wage information from his current employer. Therefore, the only arguably relevant information sought by defendants has been, or will be, obtained elsewhere.

4.4.    *Martin has standing to quash the subpoenas.*

In the alternative and for the reasons discussed *supra,* in the event they have already been served, Martin asks this Court to quash defendants' subpoenas.  A motion to quash or modify a subpoena may only be made by the part whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena.[26]  Martin clearly has a "personal right" in the documents requested above; and thus, has standing to move to quash the subpoena.[27]

---

[23]      *Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004) (finding magistrate judge's entry of protective order precluding defendant employer from using discovery process to support after-acquired evidence defense proper, noting that "the *McKennon* Court did not hold that depositions could be conducted for the purpose of uncovering illegal actions.").

[24]      *Kelling v. Bridgestone/Firestone, Inc., et al.*, 153 F.R.D. 170, 171 (D.Kan.1994).

[25]      *Mike v. Dymon, Inc.*, 169 F.R.D. 376, 379 (D.Kan. 1996).

[26]      *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D.Kan. 1999).

[27]      *Beach v. City of Olathe, Kansas*, Nos. Civ A. 99-2210-GTV, Civ.A. 99-2217GTV, 2001 WL 1098032 at *2 (D.Kan. Sept. 21, 2001).

As a threshold matter, the Court should quash the subpoenas on the grounds that such discovery would constitute an unnecessary invasion of privacy and personal rights.  The Federal Rules allow this Court to quash subpoenas, such as this, to protect persons affected by it from unnecessary and unduly harmful disclosures of confidential information.   In fact, Rule 45(c)(3)(A) provides that the court shall quash or modify a subpoena if it: (1) requires disclosures of privileged or other protected matters.[28]  Further, the 1991 Amendment Advisory Notes, make the rule crystal clear, stating "[p]aragraph (c)(3) explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power."[29]

5.    **Conclusion**

In sum, the records sought by way of the subpoenas seek private information not waived by virtue of the issues in this lawsuit, are neither relevant nor likely to lead to admissible evidence. Additionally, because defendant has not alleged an after-acquired defense, it is not entitled to discovery to assist in establishing such a defense.

WHERFORE, Martin respectfully asks this Court to issue a protective order barring defendants' subpoenas from being served, or in the alternative to quash the defendants' subpoenas.

---

[28]    Fed.R.Civ.P 45(c)(3)(A)(iii).
[29]    1991 Amendment Advisory Notes to Subdivision (c).

Respectfully Submitted,
**EMPLOYEE RIGHTS LAW FIRM**
**Law Offices of Mark A. Jess, LLC**


*/s/ John J. Ziegelmeyer III*
Mark A. Jess                      KS No. 16525
John J. Ziegelmeyer III       KS No. 23003
Kansas City Livestock Exchange Building
1600 Genessee, Suite 842
Kansas City, MO 64102-5639
Ph:  816.474.4600
Fx:  816.474.4601
mark.jess@employeerightslawfirm.com
john.z@employeerightslawfirm.com
www.employeerightslawfirm.com

*ATTORNEYS FOR THE PLAINTIFF*



## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on February 10,

2013 via the Court's CM/ECF system to:


J. Randall Coffey, Esq.
Ashley J. Shaneyfelt, Esq.
4900 Main Street, Suite 650
Kansas City, Missouri 64112
TEL: (816) 842-8770
FAX: (816) 842-8767
rcoffey@laborlawyers.com
ashaneyfelt@laborlawyers.com
ATTORNEY FOR DEFENDANTS


*/s/John J. Ziegelmeyer III*