# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENNETH J. MARTIN,

   *Plaintiff,*

 vs.

GROUP 1 REALTY, INC., GROUP 1
AUTOMOTIVE, INC., BARON
AUTOMOTIVE GROUP, INC., BARON
DEVELOPMENT COMPANY, LLC, AND
GPI KS-SB, INC. d/b/a/ BARON BMW,

   Defendants.

Case No. 12-2214-EFM/DJW

## MEMORANDUM AND ORDER

 This case arises out of Plaintiff Kenneth J. Martin's termination of employment. Plaintiff's Amended Complaint alleges common law whistleblower retaliation and wrongful discharge in violation of public policy, discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* ("ADA"), and discrimination and retaliation on the basis of sex under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a) ("Title VII"). Several Defendants seek their dismissal on the basis that an employer-employee relationship does not exist between them and Plaintiff. Because the Court would have to rely upon facts outside the complaint to decide the motion, the Court denies Defendants' motion.

## I.        Factual and Procedural Background

Plaintiff Kenneth J. Martin brings suit against five Defendants.[1]  Defendants include: Group 1 Realty, Inc., Group 1 Automotive Inc., Baron Automotive Group, Inc., Baron Development Company, LLC., and GPI KS-SB, Inc. d/b/a Baron BMW.

Prior to Plaintiff's employment with Baron, he was injured in a rollover car accident in February 2007.  Due to injuries sustained on his back, Plaintiff was ordered to discontinue performing repair work on cars.  Plaintiff began his employment with Baron in March 2009.  At the time of Plaintiff's termination in January 2012, he was a Service Advisor.

On September 5, 2011, Plaintiff made a hotline call into Group 1's human resources office alleging that warranty fraud was taking place within the service department at Baron. Shortly after Plaintiff's call, representatives of Group 1 came to Baron to conduct an investigation into the allegations.  Group 1 and Baron found that there was no fraudulent activity.

On October 27, 2011, Plaintiff met with Crystal Hopper, an individual in Baron's human resources.  Plaintiff met with her regarding John Doolittle's[2] alleged inappropriate behavior towards a customer, his derogatory comments toward Plaintiff questioning Plaintiff's sexual orientation, his comments about Plaintiff's disability, and Doolittle's general harsh treatment of Plaintiff.  Plaintiff also brought up the fraudulent warranty allegations.

---

[1] The Court relies on the facts asserted in Plaintiff's Amended Complaint (Doc. 4).  The Court notes that there is a pending Motion for Leave to File Out of Time an Amended Complaint (Doc. 28).  There are no additional factual allegations in the proposed Second Amended Complaint.  The only change is that Plaintiff specifically identifies Kansas's whistleblower statute.

[2] Plaintiff does not identify Doolittle's position in the company nor his relationship to Plaintiff in the Amended Complaint.

On November 15, 2011, at the request of Group 1, Plaintiff provided an investigative questionnaire about the warranty fraud, harassment, and inappropriate conduct of Doolittle. Several weeks later, Martin again met with Hopper about additional inappropriate and harassing comments made by Doolittle toward him.  Plaintiff also told Hopper that he was uncomfortable working with Doolittle at Baron.

On December 6, 2011, Plaintiff received a memorandum from Kerry Laws, regional human resources director for Group 1, and was given a due date in which to sign the memorandum.  The memorandum stated, in part, that Group 1 and Baron questioned whether Plaintiff was acting in good faith because his complaints were "relatively minor in nature."  The memorandum also allegedly accused Plaintiff of having Doolittle in his "crosshairs" and states that Doolittle admitted to making some comments on November 15.[3]

On December 16, 2011, Plaintiff filed a charge of discrimination with the EEOC alleging harassment and discrimination because of his sex and disability.  The next day, Plaintiff sent an email to BMW North America, informing them of the alleged fraudulent warranty claim against Baron.

On December 30, 2011, Don Lindsey, general manager for Baron, sent an email to Laws regarding Plaintiff.  The email outlines incidents with Plaintiff's performance, all of which occurred after December 6, 2011.  Plaintiff alleges that some of the performance allegations are untrue, and none of the issues were previously discussed with Plaintiff.

On January 9, 2012, Lindsey sent another email to Laws stating, "as you know I am aware that [Plaintiff] has filed an EEOC complaint against us.  However, based on some of the

---

[3] Plaintiff does not set forth the substance of those comments.

events below and more recent conduct issues I can't see any other choice than to terminate his employment."  Plaintiff was terminated that day.

On January 12, 2012, Plaintiff amended his EEOC charge to include an allegation of wrongful discharge in retaliation for filing his December 16, 2011 charge.

Plaintiff filed suit on April 16, 2012 and brings five claims: (1) wrongful discharge in violation of public policy, (2) an ADA discrimination claim, (3) an ADA retaliation claim, (4) a Title VII discrimination claim, and (5) a Title VII retaliation claim.

Four of the five named Defendants—Group 1 Realty, Group 1 Automotive, Baron Automotive Group, and Baron Development Company—filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  After Plaintiff filed his response to Defendants' Motion to Dismiss, Defendant Group 1 Automotive withdrew its motion, conceding that the issues addressed therein were better suited for resolution through discovery.  Thus, the Court only addresses the Motion to Dismiss with respect to Group 1 Realty, Baron Automotive Group, and Baron Development Company.

## II.    Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[4]  "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[5]  "The

---

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[5] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6]  In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[7]  All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[8]  Allegations that merely state legal conclusions, however, need not be accepted as true.[9]

### III.    Analysis

Defendants contend that each of Plaintiff's alleged causes of action is premised on the existence of an employee-employer relationship, and three of the five Defendants should be dismissed from the case because they have no relationship with Plaintiff.  Defendants submit a declaration from Steve Hwang, senior counsel for Group 1 Automotive, in which he asserts the following facts.  Group 1 Realty is a real estate company with no employment relationship with Plaintiff.  Baron Automotive Group is the entity which sold the Baron BMW dealership to Group 1 Automotive.  And Baron Development Company is a real estate holding company with no employment relationship with Plaintiff.

Plaintiff argues that Defendants' motion should be denied because it requires an inquiry into the facts outside of the pleadings about whether Defendants share a sufficient identity of

---

[6] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[7] *Iqbal*, 556 U.S. at 678.

[8] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

interest. And he contends that Defendants' motion should be denied because he alleged the necessary facts that Defendants operated as a single, integrated employer.

Both parties rely upon facts outside of the Amended Complaint to support their argument as to whether the Court should dismiss several Defendants. Defendants rely upon facts contained in Hwang's declaration. Plaintiff relies upon facts outside of the pleading as he includes more detailed and specific allegations in his response than were in his Amended Complaint.[10]

In deciding a motion to dismiss, the Court must look at the complaint. In this case, Plaintiff does not specifically identify any action of the three named Baron Defendants in the Amended Complaint. Instead, he simply makes allegations against "Baron" and individuals working for Baron. In addition, Plaintiff does not identify specific actions by Group 1 Realty or Group 1 Automotive. Instead, he simply makes allegations against "Group 1" and individuals employed by Group 1. Plaintiff alleges that individuals at both Baron and Group 1 were involved in the investigation of allegations of warranty fraud and inappropriate behavior by Doolittle, and that both Baron and Group 1 employees were involved in his employment termination. Because Plaintiff generically references Baron and Group 1, and their employees, as the Defendants involved in his claims, the Court must construe the factual allegations against all of the named Defendants. At this stage, the Court cannot discern and conclude as a matter of law that three of the five named Defendants are improperly named.

---

[10] Plaintiff also attaches ten exhibits to his response. The Court notes that Plaintiff's Amended Complaint is lacking in detail, and Plaintiff provides much more detail in his response to Defendants' Motion to Dismiss. This detail should have been included in his Amended Complaint.

**IT IS ACCORDINGLY ORDERED** this 18th day of March, 2013, that Defendants'
Motion to Dismiss (Doc. 5) is hereby **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE