IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH J. MARTIN,

      Plaintiff,

v.                                                                        Case No. 12-2214-EFM-DJW

GROUP 1 REALTY, INC.,
et al.,

      Defendants.

## MEMORANDUM AND ORDER

In this employment discrimination and wrongful termination action, Plaintiff asserts claims for gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964,[1] disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"),[2] and common law whistle-blower retaliation and wrongful discharge for making reports of warranty fraud against Defendants. This matter is currently before the Court on Plaintiff's Motion for Protective Order (ECF No. 39). Plaintiff requests that the Court issue a protective order under Fed. R. Civ. P. 26(c) barring Defendants from serving subpoenas upon his current and former employers, or, in the alternative, quashing the subpoenas under Fed. R. Civ. P. 45(c)(3). As set out in more detail below, the Court grants the motion in part and denies it in part.

### I. Relevant Factual Background

On February 6, 2013, Defendants served Plaintiff with notices of their intent to issue subpoenas on Plaintiff's current employer, as well as four of Plaintiff's former employers. The

---

[1] 42 U.S.C. §2000e-2(a).

[2] 42 U.S.C. §§12101 *et seq*.

subpoenas commanded Plaintiff's current and former employers to produce or permit inspection of the following documents concerning Plaintiff:

> 1) application for employment; 2) interview notes or papers; 3) background investigation reports; 4) hiring papers; 5) employment agreement(s); 6) job/performance evaluations; 7) signed acknowledgement forms relating to company policies and procedures; 8) training documents; 9) discipline and discharge information; 10) attendance information; 11) job duties/description; 12) payroll, wage, bonus, compensation information; 13) benefits; 14) any documents relating to any work-related Injury sustained by [Plaintiff] while employed with your Company; 15) any documents relating to allegations or complaints by or against [Plaintiff] of any nature, including any investigation of any such allegations or complaints and any notes, statements, reports, or correspondence of any sort; and 16) All charges or complaints made or filed by or against [Plaintiff] with any agency or court, including all investigation files and responses or position statements, and/or pleadings related to those charges or complaints.[3]

That same day, Plaintiff responded with his objections to the proposed subpoenas and requested a time to meet and confer.

On February 9, 2013, the parties arranged a meet and confer about their positions with respect to the proposed subpoenas, but were unable to resolve their dispute.[4] After Plaintiff filed this motion, the parties were able to resolve their dispute with regard to the proposed subpoena to be served upon Plaintiff's current employer[5] and all that remains at issue in the motion are the four proposed subpoenas to be served upon Plaintiff's former employers.

## II. Standard for Ruling on a Motion for Protective Order Barring Subpoenas

Federal Rule of Civil Procedure 26(c) governs protective orders and provides that "[t]he

---

[3]Ex. B to Pl.'s Mot. (ECF No. 39-2).

[4]*See* Pl.'s Rule 26(c) Certification (ECF No. 39-1).

[5]On May 29, 2013, the Court entered the parties' Agreed Order (ECF No. 72) with respect to pay and benefit information, employment applications, and performance evaluations sought from Plaintiff's current employer.

court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[6] The movant must show good cause for the requested protective order.[7] To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information.[8] The court has broad discretion to decide when a protective order is warranted, and if warranted, the scope of protection required given the situation.[9] Through Rule 26(c), the courts have "substantial latitude to fashion" an appropriate protective order after fairly weighing "the competing needs and interests of the parties affected by discovery."[10]

A party seeking a protective order to bar or prohibit service of subpoenas on nonparties implicates Rule 45, the Rule governing subpoenas. Although Rule 45 does not specifically provide for a relevancy or overbreadth objection, it is well settled "that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and 34."[11] Therefore, "the court

---

[6] Fed. R. Civ. P. 26(c)(1)(D).

[7] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[8] *Kear v. Kohl's Dep't Stores, Inc.,* No. 12-1235-JAR-KGG, 2013 WL 628331, at *2 (D. Kan. Feb. 20, 2013), *review denied*, 2013 WL 1819777 (D. Kan. Apr. 30, 2013).

[9] *Layne*, 271 F.R.D. at 244.

[10] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

[11] *See* Fed. R. Civ. P. 45(d)(1) advisory committee notes to the 1970 Amendment (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.").

must examine whether a request contained in a subpoena is overly broad or seeks irrelevant information under the same standards as the rules governing discovery requests served on parties."[12]

### III. Plaintiff's Objections to the Proposed Subpoenas to be Served on His Former Employers

Plaintiff objects to the subpoenas on the grounds they seek wholly irrelevant information, are overly broad, and violate his constitutional right to privacy because they seek everything regarding his employment. Plaintiff argues that Defendants have no reasonable basis to believe that he failed to mitigate his damages or that he filed a claim of discrimination against anyone other than Defendants. He further argues that his prior employment has no bearing on whether he was subjected to discrimination and/or wrongfully terminated for complaining of warranty fraud in this case. Plaintiff maintains that the only possible relevant and discoverable information would be post-employment compensation records, which he has already provided to Defendants. Finally, Plaintiff argues that Defendants did not plead the after-acquired evidence defense, nor is it applicable in this case.

Defendants contend they are entitled to Plaintiff's prior employment records. They argue that these records are relevant to Plaintiff's claim for damages for emotional distress, pain and suffering, as well as past and future medical expenses. According to Defendants, information contained in Plaintiff's employment records regarding the alleged mistreatment or harassment by former employers would have a direct bearing on Plaintiff's damages in this case. These records may also contain information relevant to the credibility of Plaintiff's allegations of discrimination and retaliation. Defendants also argue that information in records pertaining to Plaintiff's health,

---

[12]*Linnebur v. United Tel. Ass'n, Inc.*, No. 10-1379-RDR, 2011 WL 3490022, at *7 (D. Kan. Aug. 10, 2011).

medical conditions, absences from work, and/or ability to perform the functions of his position at his previous employers or subsequent or current employers may also be relevant to his disability discrimination claim. Defendants further assert that Plaintiff's alleged privacy concerns are adequately addressed by the parties' existing stipulated protective order, which limits the production and dissemination of confidential information.

### A. Relevance Objections

The general scope and limits of discovery are set out in Fed. R. Civ. P. 26(b)(1). Under that Rule, the parties may obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense." Relevancy is broadly construed at the discovery stage of the litigation, and "[a] request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party."[13] When the discovery sought appears facially relevant, the party objecting to the discovery has the burden to show that the information does not come within the broad scope of relevance as defined by Fed. R. Civ. P. 26(b) or that potential harm outweighs the presumption in favor of broad disclosure.[14] Conversely, when a discovery request seeks information that is not facially relevant, the party seeking the discovery bears the burden of demonstrating relevance.[15]

Two recent workplace discrimination cases from this District have found subpoenas seeking a plaintiff's employment records from a former employer to be both relevant and appropriate.[16] In

---

[13]*Sheldon v. Vermonty*, 204 F.R.D. 679, 689–90 (D. Kan. 2001).

[14]*Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003).

[15]*Id.*

[16]*Harroald v. Triumph Structure-Wichita, Inc.*, No. 10-1281-JAR-KGG, 2011 WL 2118648,
(continued...)

*Harroald v. Triumph Structure-Wichita, Inc.*, the defendant employer served subpoenas on the plaintiff's former employers seeking:

> [a]ll employment records, including but not limited to, personnel files, payroll records, benefit records, applications, evaluations, records and/or notes regarding job interviews, records and/or notes regarding job offers, disciplinary actions, reprimands, investigation files, human resources files, grievance records, supervisor files, labor relations files, correspondence and memoranda, of any type or nature whatsoever within your care, custody or in any manner regardless of origin or creation of said document, that relate to or concern [the plaintiff.].[17]

The plaintiff objected to the subpoenas, arguing that documents sought were not relevant. She also argued that the discovery was impermissible because it would constitute improper character evidence pursuant to Fed. R. Evid. 404 and that the after-acquired defense was inapplicable because she was not making a claim for lost wages.[18] The defendants argued that the discovery sought was relevant to the plaintiff's credibility because they had information demonstrating that the plaintiff was untruthful on her employment application. They also argued that they should be allowed to seek discovery to develop evidence and defenses concerning the plaintiff's credibility given the possibility and likelihood of other misrepresentations. The defendants also argued that because of the nature of plaintiff's harassment and battery claims, information contained her personnel files with prior employers pertaining to her emotional state, physical abilities and limitations, sickness, injury or other health matters were relevant to determining the existence, nature, and extent of the damages plaintiff alleged she incurred. The court found that given the nature of plaintiff's claims

---

[16](...continued)
at *3 (D. Kan. May 27, 2011); *Gilkey v. ADT Sec. Servs.*, Inc., No. 11-1369-JAR-KGG, 2012 WL 3143872, at *6 (D. Kan. Aug. 2, 2012).

[17]*Harroald*, 2011 WL 2118648, at *1.

[18]*Id.* at *2.

and the defenses raised by the defendants, including the plaintiff's requests for her medical expenses and pain and suffering, the documents requested in the subpoenas met "the broad and liberal construction afforded by the federal discovery rules."[19] The court found the requests to be "more or less standard in the context of employment discrimination claims brought in this District."[20]

Similarly, in *Gilkey v. ADT Security Services, Inc.*, the plaintiff filed a motion to quash a subpoena served upon his former employer, arguing that his employment records were not relevant. The defendant argued that the requested documents were relevant because they could contain information relevant to the plaintiff's claim for "intangible injuries" (which may include pain and suffering) and the after-acquired evidence defense.[21] The defendant also argued that the records were relevant to the credibility of the plaintiff because he had filed an employment discrimination claim against another employer a month before he allegedly suffered discriminatory treatment at the hands of the defendant.[22] The court found that given the nature of the plaintiff's claims, which included "intangible injuries," and the defenses raised by the defendant, the documents requested were relevant and discoverable.[23]

A review of the subpoenas Defendants intend to serve on Plaintiff's former employers reveals that they seek sixteen different types of Plaintiff's employment records, including employment applications, employer interview notes or papers, background investigation reports,

---

[19]*Id.* at *3.

[20]*Id.*

[21]2012 WL 3143872, at *6.

[22]*Id.*

[23]*Id.*

hiring papers, employment agreements, signed acknowledgment forms, training documents, attendance information, job duties/description, performance evaluations, discipline and discharge information, payroll and benefits records, documents related to any work-related injury, allegations or complaints by or against Plaintiff, and charges and complaints made or filed by Plaintiff.

In this case, the Court finds that some of the subpoenaed documents appear facially relevant to Plaintiff's claim for emotional damages, credibility, and allegations relating to his disability or perceived disability. In the Pretrial Order (ECF No. 73), Plaintiff indicates that he seeks damages consisting of lost wages, emotional distress, punitive damages, and his attorney's fees. Reviewing the categories of documents sought, the Court finds that employment records from Plaintiff's former employers such as performance evaluations, attendance information, discipline and discharge information, documents related to any work-related injury, allegations or complaints by or against Plaintiff, and charges and complaints made or filed by Plaintiff would be relevant to Plaintiff's claim for emotional damages.

Defendants have also convinced the Court that information contained in Plaintiff's employment records pertaining to his health, medical conditions, and ability to perform the functions of his position at previous employers is relevant to his ADA discrimination claim and factual allegations in support of that claim. The Court finds that it would reasonable that this information may be found in the subpoenaed categories of attendance records and documents related to any work-related injury.

With respect to Defendants' argument that the documents sought are relevant to Plaintiff's credibility, Plaintiff argues that there is no reasonable basis to believe that he failed to mitigate his damages or that he filed other claims of discrimination or made other complaints of warranty fraud

against former employers. Defendants dispute this and state in their supplemental opposition (ECF No. 70) that they have reason to believe that Plaintiff made complaints against his former employer, another BMW dealer, in South Florida. They base this on medical records recently obtained in discovery from Plaintiff's doctor in which Plaintiff claimed he was being mistreated and harassed by his previous employer and that he feared he was going to be fired. Defendants claim that the fact that Plaintiff made these complaints against his immediately previous employer indicates that records from all of Plaintiff's former employers are relevant and should be discoverable as such allegations plainly may reflect on Plaintiff's credibility or his propensity to make claims such as those made in this case.

The Court finds that Defendants have provided sufficient support for their argument that some of the employment records sought may be relevant to Plaintiff's credibility, specifically his credibility regarding the allegations and claims of discrimination and retaliation. Defendants have sufficiently shown Plaintiff's performance evaluations, discipline and discharge information, allegations or complaints by or against Plaintiff, and charges and complaints made or filed by Plaintiff to be relevant to Plaintiff's credibility.

While some of the subpoenaed document categories appear to seek relevant discovery, the Court questions the relevance of the remaining categories. Defendants have not shown the relevance of the following categories of subpoenaed information: Plaintiff's employment applications, his former employer's interview notes or papers, background investigation reports, hiring papers, employment agreements, signed acknowledgment forms, training documents, job duties/description, and payroll/benefits information. Although Defendants claim the subpoenas seek documents relevant to Plaintiff's damage claims, the Court fails to see how these documents would be relevant

to Plaintiff's claim for emotional damages, his credibility, or any of his disability discrimination allegations. Furthermore, none of these categories of documents appear relevant to any other claim or defense in this case. The Court recognizes that the *Harroald* court allowed subpoenas seeking a broad range of categories of the plaintiff's employment records and did not discuss relevance as to the specific individual categories of documents sought. The Court also notes that in that case the defendant had alleged that the plaintiff was untruthful on her employment application whereas there has been no such allegation in this case. Nor have Defendants pled the after-acquired evidence defense in this case, which may justify discovery of a broader range of Plaintiff's employment records from his former employers. Finally, the Court has concerns regarding the potential abuse of overly broad subpoenas served on a plaintiff's former employers and will thus limit the proposed subpoenas to only those categories of documents where the relevancy has been established. Plaintiff's relevance objections are therefore sustained to the subpoenas' requests for the following categories of documents: Plaintiff's employment applications, his former employer's interview notes or papers, background investigation reports, hiring papers, employment agreements, signed acknowledgment forms, training documents, job duties/description, and payroll/benefits information.

### B. Objection that Subpoenas Violate Constitutional Right to Privacy

Plaintiff also objects to the subpoenas because they seek protected, confidential information and invade his privacy and personal rights. Defendants point out that a Stipulated Protective Order has been entered in this case, which limits the production and dissemination of confidential information. They assert that this Protective Order sufficiently protects any alleged privacy concerns raised by Plaintiff. The Court agrees and is satisfied that Plaintiff's privacy, confidentiality, and

personal rights are adequately protected by the existing Protective Order (ECF No. 19) entered in this case.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Protective Order (ECF No. 39) is granted in part and denied in part. Plaintiff's request for a protective order precluding Defendants from serving the proposed four subpoenas on his former employers is denied. Plaintiff's relevancy objections are sustained in part however. Plaintiff has shown that the subpoenas as proposed are overly broad by seeking specific categories of documents and information that are not relevant to any claim or defense in this case. Defendants may serve the four proposed subpoenas on Plaintiff's former employers, but they shall modify the subpoenas to only request the following categories of documents and information: performance evaluations, discipline and discharge information, attendance information, documents related to any work-related injury, allegations or complaints by or against Plaintiff, and charges and complaints made or filed by Plaintiff.[24]

**IT IS FURTHER ORDERED THAT** each party shall bear its or his own expenses related to the motion.

**IT IS SO ORDERED**.

Dated this 1st day of July, 2013 at Kansas City, Kansas.

S/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

---

[24] These categories of documents are identified on the proposed subpoenas as numbers (6), (9), (10), and (14) through (16).